**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4543**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MAURICE BAUM, a/k/a Dog Pound,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:13-cr-00002-FL-1)

Submitted:  April 23, 2015                    Decided:  May 27, 2015

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Baum pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012) (Count 1), and to one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (2012) (Count 2). The district court imposed a below-Guidelines sentence of 273 months on Count 1 and a concurrent, within-Guidelines sentence of 240 months on Count 2. In accordance with Anders v. California, 386 U.S. 738 (1967), Baum's counsel has filed a brief certifying that there are no meritorious issues for appeal, but citing the validity of Baum's guilty plea and the reasonableness of his sentence. Although notified of his right to do so, Baum has not filed a pro se supplemental brief. We affirm.

To assure that a defendant's plea is knowing and voluntary, Fed. R. Crim. P. 11 requires a district court to "inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Where, as here, a defendant did not move to withdraw his guilty plea, we review the plea hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). A defendant

2

can only satisfy the plain error standard if he shows that, but for an error by the district court during the Rule 11 proceeding, there is a reasonable probability that he would not have entered his plea. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Our review of the record reveals that the district court substantially complied with Rule 11 by ensuring that Baum was competent to plead guilty and that his guilty plea was knowing, voluntary, and supported by an independent basis in fact.

Our review of Baum's sentence is for reasonableness, under an abuse of discretion standard.[*] Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence imposed falls within or below

---

[*] Because we decline to enforce appeal waivers sua sponte, our Anders review of Baum's sentence is unaffected by the waiver provision in his plea agreement. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

the properly-calculated Guidelines range, this court applies a presumption of reasonableness.  United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).  Our review of the record reveals neither a procedural error nor anything overcoming the applicable presumption of reasonableness.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Baum's conviction and sentence.  This court requires that counsel inform Baum, in writing, of the right to petition the Supreme Court of the United States for further review.  If Baum requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Baum.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED

4